IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHYLLIS L. HIRSCHMAN                :

       v.                           :   Civil Action No. DKC 11-1945

WACHOVIA BANK, N.A.                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are Defendant Wachovia Bank's motions to dismiss for failure to join an indispensable party (ECF No. 9) and to strike the amended complaint (ECF No. 22).  The relevant issues are briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the following reasons, Defendant's motions will be denied, and the case will be remanded to the Circuit Court for Montgomery County, Maryland.

**I.   Background**

    **A.   Factual Background**

The following facts are set forth in Plaintiff Phyllis Hirschman's original and amended complaints.  Plaintiff and her husband Michael Hirschman are Maryland residents.  They acquired property located at 11524 Paramus Drive in North Potomac, Maryland ("the property"), by deed as tenants by the entirety on July 9, 1998, and recorded the deed in the land records of

Montgomery County, Maryland, one week later. This property serves as Plaintiff's principal residence. On May 4, 2005, the Hirschmans obtained a $50,000 home-equity line of credit from Defendant Wachovia Bank and, in return, they signed an open-end deed of trust in Wachovia's favor. Wachovia subsequently recorded the deed of trust in the county land records. On June 1, 2007, Mr. Hirschman and a woman purporting to be Phyllis Hirschman signed another open-end deed of trust in order to refinance of the line of credit, which had increased to $209,000. Wachovia also recorded this deed of trust in the county land records. In connection with the 2007 refinance, Wachovia released its 2005 deed of trust.[1]

On June 12, 2009, Mr. Hirschman filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Maryland. He obtained an order of discharge on March 2, 2011. Wachovia filed a motion for relief from the stay as to the property on June 24, 2011. The bankruptcy court granted this motion on July 18, 2011.

B. **Procedural Background**

Plaintiff filed an action in the Circuit Court for Montgomery County on June 15, 2011, seeking a declaratory

---

[1] Wachovia merged into Wells Fargo Bank on December 31, 2008. For purposes of consistency, the memorandum opinion will continue to refer to the bank as "Wachovia" despite the name change that has occurred as a result of the merger.

judgment that the 2007 deed of trust was void *ab initio* because her signature had been forged on that instrument. Plaintiff asserted that she "did not discover the forgeries of her signatures until January 2011, when she was shown a copy of the [2007 deed of trust] at a meeting in the office of her husband's attorney." (ECF No. 18 ¶ 5).

Wachovia removed the case to this court on July 15, 2011, on the basis of diversity jurisdiction, and subsequently moved to dismiss for failure to join Mr. Hirschman, a party whom Wachovia contended was indispensable. Plaintiff responded to this motion on August 26, 2011, conceding that Mr. Hirschman was an indispensable party, but requesting that the court remand the case to state court because his joinder as a defendant would destroy diversity of citizenship, and thereby divest this court of jurisdiction. Wachovia replied on September 19, 2011, opposing this request.

A telephone conference was held on October 14, 2011. It focused principally on how the case should proceed given that, on September 23, 2011, Wachovia had filed in the bankruptcy court a motion to revoke Mr. Hirschman's discharge as to both deeds of trust. The parties agreed that resolution of Wachovia's motion to dismiss should await a decision by this court and the bankruptcy court regarding the possibility of resolving Plaintiff's case directly in the bankruptcy court.

3

During the telephone conference, the court also indicated that, should the case proceed in district court, Plaintiff's failure to file an amended complaint joining Mr. Hirschman as a defendant would result in outright dismissal – rather than remand – of her complaint.

The bankruptcy court issued a "sua sponte order modifying discharge injunction" on October 18, 2011. (ECF No. 17). In that order, the bankruptcy court noted its awareness of this case and Wachovia's motion to dismiss for failure to join an indispensable party. "[T]o accord the parties the opportunity to litigate the matters at issue in the District Court case in a single venue," the bankruptcy court modified the discharge injunction in Mr. Hirschman's bankruptcy case "so as to enable the parties to litigate to conclusion the issues therein." (*Id.*).

This order was placed on the district court's docket on October 24, 2011, and on November 2, 2011, Plaintiff filed an amended complaint, adding Mr. Hirschman as a defendant. Wachovia subsequently filed a "response in opposition to and motion to strike amended complaint," (ECF No. 21).[2] Plaintiff has not responded to Wachovia's motion to strike.

---

[2] Wachovia withdrew this paper the following day because it contained a typographical error and had been submitted as a response rather than as a motion. In its place, Wachovia filed

4

**II. Analysis**

Wachovia has moved to dismiss for failure to join an indispensable party and to strike Plaintiff's amended complaint. Because the amended complaint seeks to join Mr. Hirschman as a defendant in this action, the motion to dismiss will be rendered moot if the amended complaint is accepted. Therefore, the motion to strike must be resolved before turning to the motion to dismiss for failure to join an indispensable party.

Wachovia focuses its motion to strike the amended complaint on Plaintiff's failure to request leave of court, ostensibly in violation of Federal Rule of Civil Procedure 15(a)(2). This Rule, however, does not apply in these circumstances. Rather, 28 U.S.C. § 1447(e) guides the determination of whether Plaintiff may join Mr. Hirschman, a non-diverse defendant, through submission of the amended complaint alone. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize the amendment more closely than an ordinary amendment.");[3] *Irizarry*

---

a corrected motion to strike the amended complaint. (ECF No. 22).

[3] The United States Court of Appeals for the Fifth Circuit issued the *Hensgens* opinion one year prior to the enactment of § 1447(e), but courts have generally recognized that § 1447(e) "is a codification of *Hensgens*," and have applied the standards set forth in that opinion when evaluating questions arising under

*v. Marine Powers Int'l*, 153 F.R.D. 12, 13 (D.P.R. 1994) ("Plaintiff's counsel's predominant arguments in both the motion to amend and the motion to remand are that amendment and remand are proper under a Rule 15 and Rule 19(b) indispensable party analysis.  This Court instead applies 28 U.S.C. § 1447(e) to determine the motions before the court.").

Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  In short, this section gives the district court discretion to grant or deny an amended complaint that adds a non-diverse defendant. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).  In order to ensure that the district court can undertake this analysis in all removed cases where a plaintiff seeks to add a non-diverse defendant, a plaintiff in such a case may not file an amended complaint without leave of court if doing so would destroy diversity jurisdiction. *See Ascension Enters. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D.La. 1997).  When a plaintiff does not request leave of court, courts typically evaluate whether leave should nevertheless be granted by balancing the equities of the particular case. *See id.*

---

this section. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 676 (5th Cir. 1999) (citing cases).

(noting that a plaintiff had not requested leave of court before submitting an amended complaint, and balancing the equities in determining whether to grant leave to amend); *Horton v. Scripto-Tokai Corp.*, 878 F.Supp. 902, 908-11 (S.D.Miss. 1995) (granting leave of court after considering several factors bearing on the equities of the case, even though the plaintiff had submitted an amended complaint without requesting leave to do so). This equity-balancing analysis considers "all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes*, 198 F.3d at 462 (internal quotation marks omitted).

In this case, the balance of the equities favors granting leave to amend to add Mr. Hirschman as a defendant. First, there is no indication that Plaintiff submitted an amended complaint merely in order to defeat federal jurisdiction. To the contrary, the parties agree that the non-diverse defendant, Mr. Hirschman, is indispensable. *See, e.g.*, *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 466 (E.D.Va. 1990) (reasoning that the parties' agreement that a new, non-diverse defendant was indispensable indicated that the plaintiff had not sought to amend the complaint in order to destroy diversity jurisdiction);

*see also Joseph v. Fluor Corp.*, 513 F.Supp.2d 664, 620 (E.D.La. 2007) (concluding that because proposed non-diverse defendants were "likely indispensable parties under Rule 19," the equities weighed in favor of allowing a complaint to be amended). This conclusion is bolstered by the fact that Plaintiff neither opposed removal to federal court nor sought to amend before Wachovia moved to dismiss for Plaintiff's failure to join Mr. Hirschman.  *See Jones v. Rent-A-Center E., Inc.*, 356 F.Supp.2d 1273, 1276 (M.D.Ala. 2005) (reasoning that the plaintiffs' lack of opposition to removal supported a finding that their subsequent amendment was not made to defeat diversity jurisdiction); *Blair v. Parkstone Energy, LLC*, No. 2:07-cv-00808, 2008 WL 681682, at *2 (S.D.W.Va. Mar. 10, 2008) (concluding that the plaintiffs did not file an amended complaint joining an indispensable party for the purpose of destroying subject-matter jurisdiction where they submitted the amendment only after the defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7)).  The fact that Plaintiff amended her complaint shortly after the bankruptcy court issued an order modifying the discharge injunction in Mr. Hirschman's bankruptcy case, an acknowledged prerequisite to his ability to join this case, cements this conclusion.

The facts also do not indicate that Plaintiff was dilatory in filing her amended complaint.  This consideration generally

focuses on how far the litigation has progressed before the plaintiff seeks to amend the complaint. *See El Chico Rest., Inc. v. Aetna Cas. & Sur. Co.*, 980 F.Supp. 1474, 1485 (S.D.Ga. 1997) (concluding that a plaintiff had not been dilatory in requesting to amend the complaint because "nothing of substance," *i.e.*, no answer and no discovery, had taken place prior to the time that the plaintiff sought to amend). Although Wachovia removed the case to federal court in July, the case has progressed little since that time.  Indeed, the focus of the parties' efforts has thus far centered on Wachovia's motion to dismiss and the possibility of joining Mr. Hirschman given his status as a debtor in an ongoing bankruptcy case.  The fact that Plaintiff submitted her amended complaint just two weeks after the bankruptcy court modified the discharge injunction, and one week after this court placed that order on its docket, demonstrates that Plaintiff has not acted in a dilatory manner. *See Irizarry*, 153 F.R.D. at 15 (finding that a plaintiff had not been dilatory by filing an amended complaint "[a] mere seven days" after an operative event – there, the plaintiff's decision to obtain new counsel).

Additionally, some prejudice could inure to Plaintiff if she were unable to amend her complaint.  The parties agree that Plaintiff's claim against Wachovia cannot proceed in Mr. Hirschman's absence, and she faces outright dismissal of her

9

complaint unless he joins this action. Dismissal would require Plaintiff to commence an entirely new case in state court, forcing her to pay new filing fees and face additional delays.[4]

Finally, the court must consider any additional factors that bear on the equities of the case, including prejudice that the defendant may suffer if the action is remanded to state court. *Dobbs v. JBC of Norfolk, Va., Inc.*, 544 F.Supp.2d 496, 501. Here, Plaintiff has not yet served Mr. Hirschman with a copy of the amended complaint, and Wachovia contends that it will suffer prejudice if "Mr. Hirschman does not become a proper defendant because service of the Amended Complaint is left incomplete." (ECF No. 22, at 4). Wachovia's concern appears to be that this court will remand the case prior to the time that Plaintiff serves Mr. Hirschman, and that Plaintiff will subsequently attempt to litigate the case in state court without officially including Mr. Hirschman as a party. This concern, however, is unfounded, as the parties have agreed that Mr. Hirschman is an indispensable party within the meaning of Federal Rule of Civil Procedure 19. Maryland Rule 2-211, which addresses required joinder of parties in state court, "tracks

---

[4] There is no indication in the parties' papers that the statute of limitations has run on Plaintiff's claim, and thus no indication that she would face prejudice in that regard if her claim were dismissed rather than remanded.

Fed.R.Civ.P. 19." *Burns v. Scottish Dev. Co.*, 141 Md. App. 679, 709 (2001).  Thus, to the extent that federal procedure requires Mr. Hirschman to join the present action - a point on which the parties agree, so too would analogous state procedure.  Wachovia would, therefore, not face prejudice from his joinder because Plaintiff would be unable to proceed even in state court unless Mr. Hirschman was a proper party to the action.

In sum, the balance of the equities counsels in favor of allowing leave for Plaintiff to amend her complaint to join Mr. Hirschman as a defendant, and Wachovia's motion to strike the amended complaint will be denied.  "After such joinder, remand is automatic" under § 1447(e), *see id.* at 502 (citing *Mayes*, 198 F.3d at 462), because diversity of citizenship, the sole basis for subject-matter jurisdiction in this case, is destroyed by the fact that Plaintiff and Mr. Hirschman are both citizens of Maryland, *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).  Finally, because Mr. Hirschman has been joined as a defendant, Wachovia's motion to dismiss for failure to join him will be denied as moot.

**III. Conclusion**

For the foregoing reasons, Wachovia's motion to strike the amended complaint will be denied, and its motion to dismiss for failure to join an indispensable party will be denied as moot. Leave of court is granted for Plaintiff to amend her complaint, and this case will be remanded to the Circuit Court for Montgomery County, Maryland. A separate Order will follow.

                                                 /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge